945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Godwin Nonyelum CHINAGOROM, a/k/a Chinagorom Nonyelum
Godwin, Defendant-Appellant.
 No. 91-7558.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-87-58-CR-5; CA-91-79-CIV-5)
 Godwin Nonyelum Chinagorom, appellant pro se.
 John Stuart Bruce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Godwin Nonyelum Chinagorom appeals from the district court's order rejecting his challenge to his 1988 mail fraud conviction. Chinagorom styled his petition as one for relief under 28 U.S.C. § 2255, and the district court construed the petition as such. However, because Chinagorom completed service of his sentence, § 2255 relief was not available to him; the petition could, however, have been construed as a request for coram nobis relief.* 28 U.S.C. § 1651(a); United States v. Morgan, 346 U.S. 502 (1954); United States v. Mandel, 862 F.2d 1067 (4th Cir.1988), cert. denied, 491 U.S. 906 (1989). Therefore, we construe the petition as one for coram nobis relief.
 
 
 2
 A writ of error coram nobis may be granted to vacate a conviction only if a fundamental error occurred and there is no other remedy available. Chinagorom's first claim is that his conviction violated the double jeopardy clause. Chinagorom raised this claim on direct appeal, and it was rejected by the Court. United States v. Chinagoram, No. 88-5606 (4th Cir. June 15, 1989) (unpublished). There has been no intervening change in the law which calls into question this Court's rejection of Chinagorom's double jeopardy claim. Therefore, this claim does not raise a question of fundamental error. Cf. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.) (claims which have been raised and addressed on direct appeal may not be raised again in a § 2255 petition), cert. denied, 429 U.S. 863 (1976).
 
 
 3
 Chinagorom's next claim is that the district court did not comply with Fed.R.Crim.P. 32(c)(3)(D) when sentencing him. Chinagorom did not specify what matters he objected to in the presentence report, but stated only that if controverted mattes were resolved he would have had a maximum possible sentence of eight months. In United States v. Chinagorom, No. 90-6309 (4th Cir. Oct. 9, 1990) (unpublished), this Court found that Chinagorom's claim that he could have received an eight month sentence was meritless in light of the guidelines range of 24-30 months; any sentence over one year would be sufficient to trigger deportation proceedings. Therefore, there was no fundamental error in refusing to resentence him.
 
 
 4
 Finally, Chinagorom claimed that he was denied effective assistance of counsel because his attorney stipulated that resentencing was moot because Chinagorom had served his entire sentence. In order to show that he was denied effective assistance, Chinagorom would have to show that his attorney's performance fell below an objective standard of reasonableness, and that he was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668 (1984). Chinagorom can show neither. Because the guidelines range was 24-30 months, Chinagorom could not have received a sentence of less that one year so as to avoid deportation; therefore, he would not have benefited by a recalculation of his sentence. Further, because he had served the full sentence, the issue was indeed moot. His attorney was not ineffective in refusing to argue for resentencing, and Chinagorom was not prejudiced by his attorney's actions. Therefore, there was no fundamental error, and this claim was correctly dismissed.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Although Chinagorom has completed service of the sentence for the mail fraud conviction, he is currently being held in a federal detention center pending deportation proceedings pursuant to 8 U.S.C. § 1251(a). Chinagorom's detention does not qualify as "in custody" for § 2255 purposes even though he would not be subject to deportation but for the length of his expired federal sentence. See Maleng v. Cook, 490 U.S. 488 (1989)