998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Emeka OKOLO, a/k/a DC, Defendant-Appellant.
 No. 92-5336.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 11, 1993.
Decided: July 26, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Catherine Lee Schuster, VENABLE, BAETJER & HOWARD, for Appellant.
 E. Thomas Roberts, Assistant United States Attorney, for Appellee.
 Russell R. Reno, Jr., VENABLE, BAETJER & HOWARD, for Appellant.
 Richard D. Bennett, United States Attorney, Robert E. Sims, Assistant United States Attorney, Judith A. Bollinger, Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 In this appeal Paul Emeka Okolo asks that we reverse his convictions because of plain error in the district court's jury instructions regarding his Fifth Amendment right to remain silent. We conclude that the error did not affect Okolo's substantial rights, and therefore affirm his convictions.
 
 
 2
 Okolo was convicted of possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1) (1988), as well as conspiracy to distribute heroin and to possess heroin with intent to distribute, 21 U.S.C. § 846 (1988). At the conclusion of his trial, the district court instructed the jury as follows:
 
 
 3
 Now a defendant in a criminal case has an absolute right not to testify. The fact that the defendant did not testify in this case does not create any presumption of guilt and you are not permitted to draw any inference against the defendant because he did not testify; therefore, you are not to discuss or in any way consider that fact in your deliberation.
 
 
 4
 (J.A. at 27.) Okolo concedes that this instruction was entirely proper.[1] In instructing the jury on the issue of punishment, however, the district court made the following statements:
 
 
 5
 Now further, the Court instructs you that punishment under this is exclusively within the province of the Court and you should not consider [it] at all.... I'm only telling you so that you won't get involved as many jurors do. You're only to consider the evidence in this case or the reasonable inference you can draw from that evidence. As I told you from the very beginning, your function is to determine from that evidence whether or not the defendant is guilty of these two charges beyond a reasonable doubt or whether he is not guilty, and that's your function. You do not include specifically punishment; you cannot exclude the fact that he did not take the stand. And I want to be very-make sure that you understand that.
 
 
 6
 (J.A. at 50 (emphasis added).)[2] At trial, neither defense counsel, the Government's attorney, the district court, nor the district court's clerk noticed the misstatement of the law. Okolo now contends that the instruction deprived him of his Fifth Amendment right to remain silent by permitting the jury to consider as evidence against him the fact that he did not testify. See Griffin v. California, 380 U.S. 609, 615 (1965) (Fifth Amendment forbids instruction that failure to testify is evidence of guilt).
 
 
 7
 Because Okolo did not contemporaneously object to the instruction, he forfeited his right to assert the protections of the Fifth Amendment on appeal, see Fed. R. Crim. P. 30; United States v. Olano, 113 S. Ct. 1770, 1776 (1993), and we may review only for plain error under Federal Rule of Criminal Procedure 52(b). Our powers under Rule 52(b) are, however, limited. Olano, 113 S. Ct. at 1776. Before we may correct an alleged "plain error," the Defendant must (1) identify the "error," (2) show that the error was "plain" or "obvious" under current law, and (3) prove that the error "affect[ed][his] substantial rights." Id. at 1777-78." Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error ' "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " Id. at 1776 (quoting United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936))).
 
 
 8
 The Government concedes that the district court's instruction was an obvious (albeit inadvertent) error under Griffin, but contends that the error did not affect Okolo's substantial rights. Normally, an error will affect the defendant's substantial rights if it was "prejudicial: It must have affected the outcome of the District Court proceedings." Id. at 1178. While the Supreme Court acknowledged in Olano that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome," it emphasized that a defendant must normally "make a specific showing of prejudice" to demonstrate that an error affected his substantial rights. Id.
 
 
 9
 Okolo's sole contention on appeal is that every violation of a defendant's Fifth Amendment right to remain silent falls into the "special category" of errors that does not require the defendant to prove that the alleged error affected the outcome of his trial. According to Okolo, once a defendant has shown a technical violation of his Fifth Amendment right to remain silent, his conviction should be reversed automatically. Relying on Chapman v. California, 386 U.S. 18 (1967), Okolo argues that the right to remain silent is "so basic to a fair trial" that its violation requires automatic reversal. Id. at 23.
 
 
 10
 In making this argument, however, Okolo ignores the very holding of Chapman. Chapman held that the violation of a defendant's Fifth Amendment right to remain silent may be harmless error. Id. at 24; see also United States v. Hasting, 461 U.S. 499, 508 (1983) (reaffirming Chapman 's rejection of automatic reversal).[3] If the violation of the right to remain silent may be harmless, it is nonsensical to argue, as Okolo does, that every violation of the right to remain silent requires automatic reversal. Consequently, we reject Okolo's contention that the mere violation of his right to remain silent is, without more, sufficient to reverse his convictions. Rather, we may reverse Okolo's convictions only if he makes a specific showing that the error affected the outcome of his trial. See Olano, 113 S. Ct. at 1778 (for plain errors, Defendant bears the burden of proving prejudice).
 
 
 11
 Okolo does not attempt to make such a showing. He does not contend that he was actually innocent of the charges against him, nor does he contend that the evidence was insufficient to sustain those charges. In light of the fact that Okolo concedes that the weight of the evidence was against him, the fact that the district court initially gave correct instructions regarding his right to remain silent, and the fact that Okolo's counsel told the jury in closing argument that it " 'must draw no inference of guilt from the fact that [Okolo] did not testify,' " (Brief of Appellee at 12 (quoting Tr. at 8-32)), we cannot conclude that the district court's single misstatement of the law affected the outcome of the trial. See United States v. Hanley, 974 F.2d 14, 18-19 (4th Cir. 1992) (erroneous instruction held not to be plain error where evidence was overwhelming, district court gave other, correct instruction, and counsel also correctly stated the law).
 
 
 12
 Because Okolo has failed to demonstrate that the district court's erroneous instruction affected the outcome of his trial, we hold that the district court's error did not affect Okolo's substantial rights. We therefore affirm Okolo's convictions.
 
 AFFIRMED
 
 
 [1]
 At oral argument, Okolo further conceded that, at the beginning of the trial, the district court instructed the jury not to consider the fact that Okolo would not testify
 
 
 [2]
 At oral argument, counsel for both parties confirmed that the court reporter had not made a transcription error
 
 
 [3]
 Okolo also cites Sullivan v. Louisiana, 113 S. Ct. 2078 (1993), to support his argument. Sullivan is inapposite, however, because it left Chapman intact. Id. at 2081