57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Emeka OKOLO, Defendant-Appellant.
 No. 95-6197.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 11, 1995.
Decided: June 14, 1995.
 
 Paul Emeka Okolo, Appellant Pro Se.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Paul Emeka Okolo appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm.
 
 
 2
 A jury convicted Okolo of possession of heroin with intent to distribute and a related conspiracy charge. On appeal, we rejected Okolo's claim that a jury instruction deprived him of his Fifth Amendment right to remain silent. United States v. Okolo, No. 92-5336, 1993 WL 280434, at * 2-3 (4th Cir. July 26, 1993) (unpublished).
 
 
 3
 In his Sec. 2255 motion, Okolo first raises the identical claim which we rejected on direct appeal. Collateral attack of issues litigated on direct appeal ordinarily is unavailable to a Sec. 2255 movant unless a change in intervening law warrants reconsideration of the issue. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Okolo cites no intervening change in law pertinent to his Fifth Amendment claim. The district court properly declined to revisit the issue.*
 
 
 4
 Okolo also complains that the district court usurped the jury's fact-finding role when it allegedly instructed the jury that he had possessed heroin. A fair reading of the instruction reveals that the district court made clear to the jury that possession was an element of the offense which the Government had to prove beyond a reasonable doubt. The court did not, as Okolo maintains, instruct the jury that the element of possession was established. We similarly find no merit in Okolo's contention that the instruction on reasonable doubt was constitutionally infirm. The district court stated that the Government did not have to "prove the defendant guilty to an absolute or mathematical certainty." Virtually identical language was part of a reasonable doubt instruction upheld by the Supreme Court in Victor v. Nebraska, 62 U.S.L.W. 4179, 4180 (U.S.1994). Accordingly, we find that the instruction in the subject case was proper.
 
 
 5
 Okolo's final contention is that his defense counsel was ineffective. We have reviewed the record and find no violation of Strickland v. Washington, 466 U.S. 668 (1984). Counsel cannot be found ineffective for failing to object either to the instructions on possession and reasonable doubt or to the court's misstatement as to a defendant's Fifth Amendment rights because, as just discussed, the underlying claims are without merit.
 
 
 6
 Nor, even if counsel did not discuss the presentence investigation report with Okolo prior to sentencing, was this an error which would require resentencing. Contrary to Okolo's allegation, the sentencing transcript reflects that counsel raised the very objection (to a two-level increase for obstruction of justice) which Okolo claims she did not. The district court found that there was ample evidence that the increase was warranted. Any error in not discussing the report with Okolo was harmless.
 
 
 7
 We accordingly affirm the district court's decision. We deny the motion for oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. The Motion for Liberal Consideration of All Pleadings is granted.
 
 AFFIRMED
 
 
 *
 There is no merit to a related claim that the jury heard Okolo express his desire to remain silent. The record reveals that he invoked his Fifth Amendment right during a bench conference