Herbert W. BOECKENHAUPT,
Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1638.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 26, 1976.

Decided April 19, 1976.

Herbert W. Boeckenhaupt, pro se.

James R. Hubbard, Asst. U. S. Atty.,
Alexandria, Va., for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

Herbert W. Boeckenhaupt, a former sergeant in the Air Force, was convicted in 1967 for violation of the federal espionage statutes.[1] Count one of the indictment had charged him with conspiracy to deliver and transmit to a foreign government (the Soviet Union) information relating to the national defense of the United States and count two had alleged that he participated in a conspiracy to obtain national defense information. Boeckenhaupt was given consecutive twenty and ten year sentences under counts one and two, respectively. His conviction was affirmed by this court on March 1, 1968. *Boeckenhaupt v. United States*, 4th Cir., 392 F.2d 24, *cert. denied*, 393 U.S. 896, 89 S.Ct. 162, 21 L.Ed.2d 177.

■ In the present action, under 28 U.S.C. § 2255, Boeckenhaupt alleges numerous errors of constitutional magnitude which he contends warrant a reversal of his conviction. He first contends (1) he was arrested without probable cause, (2) officials of the Office of Special Investigation (an Air Force investigative unit) had no jurisdiction to detain him once they had transported him off of the military reservation in the company of agents of the F.B.I., and (3) the imposition of consecutive sentences was unlawful under the "same evidence" rule. The district court determined that each of these issues had previously been decided by this court in Boeckenhaupt's direct appeal. Boeckenhaupt earnestly argues that these issues raised in the present appeal are different in substance from the allegations which he unsuccessfully presented upon direct appeal. We agree with the district court that the three issues stated above have been previously decided by this court, and therefore Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court in 1968. *Herman v. United States*, 4th Cir., 227 F.2d 332.

■ We now treat several issues raised by Boeckenhaupt for the first time in his petition. Boeckenhaupt contends that all evidence obtained as a result of his initial arrest should have been suppressed because Air Force Regulation 205–57 (under which he was originally arrested and charged) is unconstitutional. Regulation 205–57 simply requires that military personnel who have had a contact with an agent of a foreign government disclose this fact to their superiors. Boeckenhaupt argues that the regulation requires that an individual incriminate himself and is therefore unconstitutional. The very same attack on the constitutional validity of Regulation 205–57 was rejected in *Kauffman v. Secretary of the Air Force*, 135 U.S.App.D.C. 1, 415 F.2d 991, *cert. denied*, 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505. Moreover, regardless of the outcome of a direct challenge to the constitutionality of the regulation, where an arrest is based on good faith enforcement of a previously valid regulation, that arrest is not invalid when the regulation is later declared unconstitutional. *See, e. g. United States v. Dameron*, 5th Cir., 460 F.2d 294. Since in the case at bar there has been no allegation of bad faith on the part of the arresting officers, we think Boeckenhaupt's argument in this regard is meritless.

■ Boeckenhaupt next argues that a federal court lacked jurisdiction to try and convict him because exclusive military jurisdiction had attached upon his initial arrest by Air Force officials under Regulation 205–57. The record reveals that after his arrest by military officials, the F.B.I. requested that the appellant be delivered to civilian authorities so that he could face charges of espionage under the federal criminal code. The 205–57 proceedings were thereafter terminated. We agree with the district court that military jurisdiction is not exclusive and that the procedures followed in the present case were not irregular in any way. 10 U.S.C. § 814 in fact sanctions such a practice.

Appellant contends that he was denied the effective assistance of counsel because

---

1. 18 U.S.C. § 793(a) and 18 U.S.C. § 794(c).

the arresting agencies and the military commanders refused to disclose to his appointed counsel the exact nature of the charges lodged against him until four days after his arrest. The record specifically contradicts Boeckenhaupt's assertion, and we noted in our earlier decision that he was advised, when arrested on October 24, 1966, that he was under arrest for violation of Air Force Regulation 205-57 and that he was further advised that he was under investigation for violation of federal espionage statutes. *Boeckenhaupt v. United States*, 392 F.2d at 25-26.

■ The final issue presented by Boeckenhaupt is meritless and requires no extended discussion. He contends that the government suppressed evidence at his trial and is continuing to suppress evidence that would require a reversal of his conviction. He offers little to support this bald allegation other than the observation that the government subpoenaed numerous witnesses from distant places and then chose not to call them to the stand to testify. He asks this court to infer that the witnesses were not called because the government realized that they would contradict the testimony that the government did choose to present. However, we may not hold that the government illegally suppressed evidence on the basis of speculation.

We have carefully considered each of the various arguments advanced by the appellant and have concluded that an affirmance of the judgment below is proper.

*AFFIRMED.*