983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Milton Bachman COHEN, a/k/a Sonny Cohen, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Milton Bachman COHEN, a/k/a Sonny Cohen, Defendant-Appellant.
 Nos. 92-6206, 92-6284.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 22, 1992
Decided: January 14, 1993
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-87-478-JFM, CA-91-3279-JFM)
 Milton Bachman Cohen, Appellant Pro Se. Breckinridge Long Willcox, United States Attorney, Maury S. Epner, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.
 D.Md.
 No. 92-6206 DISMISSED, No. 92-6284 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Milton Cohen appeals from decisions of the district court denying Cohen's Motion to vacate his conviction under 28 U.S.C. § 2255 (1988) and Cohen's Motion for Reconsideration. Because no intervening change in law warrants reconsideration of a suppression issue already litigated on direct appeal, we affirm.
 
 
 2
 Cohen is a federal prisoner serving a fifty-year sentence for use of the facilities of interstate commerce in the commission of an attempted murder for hire, and associated crimes. He argues that a pre-trial motion to suppress evidence used to convict him was inappropriately denied.
 
 
 3
 Cohen and James Manley were stopped at a train station in Baltimore, Maryland after AMTRAK security officials in Florida identified them as fitting a drug courier profile. Cohen's associate appeared nervous when they were stopped. AMTRAK security officials and police escorted the two men to an interview room to have their luggage sniffed by dogs. Under Manley's version of the facts at the suppression hearing, an officer put his hand on Cohen's chest when he stopped him, and grabbed him by the arm when they escorted him to the police interview room. Cohen and Manley were surrounded by police in the room, not allowed to make a phone call, and not allowed to leave the room to get coffee. After the dogs reacted positively to the luggage, Manley and Cohen were officially arrested, and a search warrant was obtained. A search of a guitar case revealed incriminating evidence.
 
 
 4
 Cohen challenged the failure to suppress this evidence on the basis that his detention prior to the dog sniff exceeded the bounds of Terry v. Ohio, 392 U.S. 1 (1968). This Court affirmed the district court's denial of the motion to suppress. United States v. Luskin, No. 88-5068 (4th Cir. Sept. 19, 1989) (unpublished). After the denial of his § 2255 motion, Cohen served a timely motion for reconsideration under Fed. R. Civ. P. 59(e). While his motion for reconsideration was pending, Cohen filed a notice of appeal from the district court's initial decision, which became appeal No. 92-6206. Cohen also filed a timely notice of appeal after the denial of his motion for reconsideration, which became appeal No. 92-6284.
 
 
 5
 We dismiss the appeal in No. 92-6206 as premature. Under Fed. R. App. P. 4(a)(4), a notice of appeal filed before disposition of a timely Fed. R. Civ. P. 59 motion is without effect, and a new notice of appeal must be filed within the appeal period measured from entry of the order disposing of the motion. Cohen's post-judgment motion invalidated the notice of appeal and requires dismissal of No. 926206. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 6
 With regard to appeal No. 92-6284, a collateral attack cannot ordinarily be made on the basis of issues litigated on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). A claim litigated on direct appeal can only be raised under § 2255 if "an intervening change in law" justifies it. Davis v. United States, 417 U.S. 333, 342 (1974).
 
 
 7
 Cohen argues that as a result of a change in law in California v. Hodari D., 59 U.S.L.W. 4335 (U.S. 1991), mere grasping or application of physical force is sufficient to constitute an "arrest" for Fourth Amendment purposes. Id. at 4336. In fact, Hodari D., does not attempt to differentiate the circumstances of a Terry stop from that of a full-fledged arrest because in that case the state conceded that reasonable suspicion did not exist to justify a Terry stop. Hodari D., 59 U.S.L.W. at 4336 n.1. Because of the state's concession in Hodari D., any seizure of the defendant prior to the state's discovery of the incriminating evidence in that case would have required suppression.
 
 
 8
 In the instant case, Cohen argues that his initial seizure was a fullfledged arrest, which was invalid because the police lacked probable cause. See Dunaway v. New York, 442 U.S. 200 (1979). The state's position is that the seizure was merely a Terry stop, justified by the police's reasonable suspicion of Cohen. Hodari D. does not deal with this distinction, and accordingly, did not create a change in law that would allow collateral review of Cohen's previously litigated claim.
 
 
 9
 We are unaware of any other Supreme Court or Fourth Circuit precedent issued subsequent to this Court's decision in Cohen's direct appeal which constitutes an intervening change in law that might change this Court's disposition of Cohen's case. We therefore affirm the district court in No. 92-6284.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 92-6206-DISMISSED No. 92-6284-AFFIRMED