991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Newby Franklin LOVE, Defendant-Appellant.
 No. 91-7322.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1993
Decided: April 15, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-83-20-3, CA-89-2207-6-H)
 William O. Kneece, KNEECE, KNEECE & BROWN, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, David J. Slattery, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Newby Franklin Love appeals from a district court order which adopted the recommendation of a magistrate judge and granted summary judgment to the government in his second collateral attack under 28 U.S.C. § 2255 (1988) on convictions stemming from drugrelated activities. This Court has previously affirmed Love's convictions on appeal, United States v. Love, 767 F.2d 1052 (4th Cir. 1985), cert. denied, 474 U.S. 1081 (1986), and the denial of § 2255 relief, United States v. Love, 867 F.2d 209 (4th Cir.), cert. denied, 493 U.S. 849 (1989). We again affirm the district court.
 
 
 2
 Love was charged with eighteen offenses along with fifteen other persons in a nineteen-count indictment. His convictions of seventeen counts along with his co-conspirators' culminated a lengthy investigation by federal and state agents in South Carolina, Georgia, and Florida. After a two-week jury trial, Love was sentenced to thirty years in prison without parole. In his second § 2255 motion, Love attacks only his conviction for participation in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848 (1988). Love was sentenced to thirty years incarceration on that conviction with concurrent terms on the other charges.
 
 
 3
 Love asserts that the court lacked jurisdiction to convict or sentence him on the CCE count because the court "impermissably [sic] enlarged and misdefined" criminal liability for a CCE and thus exceeded its jurisdiction when it instructed the jury that the "continuing series of violations" required for a CCE conviction could be predicated on aiding and abetting liability under 18 U.S.C. § 2 (1988). Love previously attacked the court's jury instructions on aiding and abetting and continuing criminal enterprise on direct appeal. We concluded that the instructions were proper. Love, 767 F.2d at 1061. Love asserts that he should be permitted to assert this claim now because of the novelty of the issue; he contends that the issue is so novel that it was beyond the reach of trial and appellate counsel. He continues that because the issue is jurisdictional in nature, it is not procedurally barred because a conviction based on a jury instruction that enlarges the scope of a criminal offense is a miscarriage of justice.
 
 
 4
 Collateral attack cannot ordinarily be made on the basis of issues litigated on direct appeal, Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976), unless an intervening change in the law warrants reconsideration of the claim. Davis v. United States, 417 U.S. 333, 342 (1974). This Court has previously concluded that the jury instructions in Love's trial on aiding and abetting and CCE were not in error. See Love, 767 F.2d at 1061. Since there has been no intervening change in the law, Love is precluded from raising another claim concerning those same instructions.
 
 
 5
 Moreover, felony drug violations based upon aiding and abetting may qualify as predicate offenses in a CCE indictment. See United States v. Pino-Perez, 870 F.2d 1230 (7th Cir. 1989) (en banc); United States v. Aiello, 864 F.2d 257 (2d Cir. 1988). For these reasons, we affirm the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment to the government. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED