9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary M. SILVERS, Defendant-Appellant.
 No. 92-6110.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 15, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Gerald C. Ruter, Towson, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Andrew G. W. Norman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gary Silvers appeals the district court's denial of his 28 U.S.C. § 2255 (1988) motion, claiming that his conviction in the District of Maryland of distribution of cocaine, a Travel Act violation, and conspiracy to distribute cocaine was barred by double jeopardy. Prior to his Maryland conviction, Silvers was acquitted in the Eastern District of Virginia, where he stood trial for a Travel Act violation and possession with intent to distribute cocaine. Finding no merit to the contentions raised on appeal, we affirm.
 
 
 2
 Silvers unsuccessfully raised the double jeopardy issue on direct appeal. United States v. Silvers, No. 88-5560 (4th Cir. Nov. 17, 1989). Ordinarily, an issue raised on direct appeal may not again be raised in a § 2255 proceeding. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). However, since Grady v. Corbin, 495 U.S. 508 (1990), represented a change in law since our decision affirming the conviction, the district court revisited the double jeopardy issue in this § 2255 proceeding. See Davis v. United States, 417 U.S. 333, 342 (1974).
 
 
 3
 Subsequent to the district court's decision, the Supreme Court overruled Grady. In United States v. Dixon, 61 U.S.L.W. 4835 (U.S. 1993), the Court determined that Grady "contradicted an 'unbroken line of decisions,' contained 'less than accurate' historical analysis, and has produced 'confusion.' " Id. at 4841. In overruling Grady, the Court returned to the traditional "elements" analysis of Blockburger v. United States, 284 U.S. 299 (1932), to determine whether double jeopardy barred a successive prosecution. United States v. Dixon, 61 U.S.L.W. at 4839-41.
 
 
 4
 The applicable law therefore remains unchanged since our earlier decision affirming Silvers' conviction. In accordance with Boeckenhaupt and Davis, we shall not reconsider the double jeopardy and collateral estoppel issues which were previously raised and decided.
 
 
 5
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 AFFIRMED