65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Ned GRUBB, Defendant-Appellant.
 No. 94-7169.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 7, 1995.
Decided: September 8, 1995.
 
 Rebecca Ann Baitty, Rebecca A. Baitty, P.A., Sarasota, Florida, for Appellant. Michael Lee Keller, Office of the United States Attorney, Charleston, WV, for Appellee.
 Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Ned Grubb appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion to vacate his sentence. We affirm the denial of the district court, but with modification of the reasoning.
 
 
 2
 The district court held this motion, comprised of two groups of claims--(1) direct attacks on sentencing and (2) claims of ineffective assistance of counsel during sentencing--barred as raising issues already presented and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). The district court was correct with regard to the direct attacks on the sentencing computations, which this Court found waived from review and presenting no plain error on direct appeal. United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir.1993). However, this Court expressly declined to address any claims of ineffective assistance of counsel. Id. at 441. Thus, contrary to the district court's conclusion, Grubb's claims of ineffective assistance are not barred by Boeckenhaupt. Nonetheless, we find the claims meritless.
 
 
 3
 Grubb's claims of ineffective assistance all involve counsel's failure to assert various objections to the computation of his sentence. We have examined each allegation of error with regard to its substance. In each case there was either (1) no attorney error in failing to contest the sentence calculation because the allegation of error was meritless, in which case the attorney's conduct did not fall below any objective standard of reasonableness, or (2) no prejudice to Grubb because, even though counsel might have argued a different computation, there was no effect on the sentencing range due to the alleged miscalculation. Because no claim presented by Grubb involved both attorney error and prejudice to Grubb, Grubb has failed to establish he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Thus, Grubb is not entitled to relief from his sentence, and we affirm the denial of Sec. 2255 relief on that basis.
 
 
 4
 We deny Grubb's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED*
 
 
 
 *
 During the pendency of this appeal, the Supreme Court decided United States v. Aguilar, No. 94-270 (June 21, 1995). In that case, Grubb claims the court decided that "quoting false statements to an investigating agent who might or might not testify before a grand jury is [not] sufficient to make out a violation of the catch-all provision of Sec. 1503." Slip Op. at 6
 He claims that the just quoted part of the decision in Aguilar is inconsistent with a continued affirmance of a part of his conviction, and he seeks that this case be remanded in order that he may add such a contention to his motion under 28 U.S.C. Sec. 2255. We express no opinion on the merits of his contention as to the effect of Aguilar. His motion to remand is denied without prejudice, however, for him to file another Sec. 2255 motion if he be so advised.