**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-8584

DENLEY EARL WALTERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-93-190, CA-95-263-6)

Submitted: May 31, 1996

Decided: June 25, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan Graham James, Montgomery, Alabama, for Appellant. Paul
Alexander Weinman, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Denley Earl Walters was convicted of conspiracy to distribute crack cocaine. Following an unsuccessful appeal to this court, Walters filed a 28 U.S.C. § 2255 (1988) motion in the district court below. He now appeals from the denial of that motion. We deny a certificate of appealability and dismiss.

Walters' claims are as follows.

I. Ineffective assistance of counsel

A. His trial attorney was ineffective because he:

1. failed to move for discovery and learn about potential witnesses and their testimony;

2. failed to contest the admission of illegally seized cocaine against Walters;

3. failed to object to the admission of his co-conspirators' plea agreements at trial or to request a cautionary instruction regarding same;

4. failed to move under the "fruit of the poisonous tree" doctrine to suppress all testimony stemming from a stop and search previously found to be illegal; and

5. suffered from a conflict of interest and refused to remove himself from the case following Walters' request.

B. His appellate attorney was ineffective because his concession of the sufficiency of the evidence was an admission of guilt.

2

II. The district court committed sentencing errors by:

A. using cocaine powder found during an illegal search of a car driven by a co-conspirator to compute Walters' offense level;

B. converting the cocaine powder into crack for sentencing purposes;

C. using an improper conversion ratio assuming that such a conversion was proper; and

D. applying harsher sentence to crimes involving crack cocaine.

We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error as to claims IA2-5, IB, and IIA. Accordingly, we deny a certificate of appealability and dismiss these claims the reasoning of the district court. United States v. Walters, Nos. CR-93-190; CA-95-263-6 (M.D.N.C. Dec. 6, 1995).

Turning to the remaining claims, we find that Walters' inability to present his proffered alibi witness did not prejudice his defense as the witness's proposed testimony does not preclude the possibility that Walters was engaged in a drug conspiracy. We therefore dismiss claim I.A.1 for a lack of prejudice. Strickland v. Washington, 466 U.S. 668 (1984).

As to Walters' remaining claims, we find claims IIB-C to be waived under Stone v. Powell, 428 U.S. 465, 477 n.10 (1976), due to Walters' failure to present them on direct appeal. Conversely, Walters has already litigated claim IID on direct appeal and has not shown an intervening change in the law warranting reconsideration. He may not now relitigate the issue. See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976).

Having disposed of all of Walters' claims, we deny a certificate of appealability and dismiss Walters' appeal. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4