**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-6439

KEVIN L. STODDARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-93-437-M, CA-96-429-M)

Submitted: January 31, 1997

Decided: February 20, 1997

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Kevin L. Stoddard, Appellant Pro Se. William Warren Hamel,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin L. Stoddard appeals the dismissal of his motion filed under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. In his § 2255 motion, Stoddard claimed that the district court erred by failing to grant him an adjustment for acceptance of responsibility, United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1993), and that he received ineffective assistance because his counsel failed to call Kenneth Scott as a witness at his sentencing hearing and to fully investigate the facts necessary to adequately represent him for sentencing purposes. Because we denied Stoddard's acceptance of responsibility claim on direct appeal, United States v. Stoddard, No. 94-5365, 1995 WL 417667 (4th Cir. July 7, 1995) (unpublished), we will not revisit the issue. Accordingly, we affirm the district court's order dismissing this claim. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues fully considered on direct appeal from conviction may not be relitigated in the form of a § 2255 motion).

With respect to Stoddard's claim that his counsel was ineffective, however, the record is insufficient for the court to properly adjudicate this claim because the district court failed to address the claim. Stoddard is entitled to effective assistance of counsel at sentencing. See United States v. Burkley, 511 F.2d 47, 51 (4th Cir. 1975) (sentencing is a critical stage of a criminal prosecution to which a defendant has a right to effective assistance of counsel). Further, the district court's failure to address the claim prevents this court from providing effective appellate review. See Brewster of Lynchburg, Inc. v. Dial Corp., 33 F.3d 355, 366-68 (4th Cir. 1994). Because we cannot identify an independent basis on which to uphold the district court's order, id., we must vacate this portion of the district court's order and remand with instructions to address Stoddard's claim of ineffective assistance.

For the reasons stated herein, we affirm that portion of the order denying the claim that the district court erred by failing to grant Stoddard a downward adjustment of his sentence for acceptance of responsibility. However, we vacate the district court's order in part and

remand with instructions for the district court to address whether Stoddard received effective assistance of counsel at the sentencing hearing and to provide reasoning for its decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

3