**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-7125

JIMMY LEE WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-7373

JIMMY LEE WILLIAMS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-93-72-BO, CA-96-14-4-BO, CA-96-73-4-BO)

Submitted: February 18, 1997

Decided: April 4, 1997

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

No. 96-7125 vacated and remanded in part and affirmed in part, and
No. 96-7373 affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jimmy Lee Williams, Appellant Pro Se. Scott L. Wilkinson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmie Lee Williams appeals the district court's orders denying his two motions filed under 28 U.S.C. § 2255 (1994), <u>amended by</u> Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and his motions to amend and for relief from the court's orders.[1] After reviewing the record, we find that the merits of Williams's claims have never been addressed by the district court; thus, we affirm in part but vacate and remand in part.

Williams filed his first § 2255 motion while his direct appeal was pending in this court. Finding that Williams raised the same claims in his § 2255 motion as his direct appeal, the district court dismissed Williams's motion as successive and for a lack of jurisdiction. The district court erred on both grounds.

Williams's first § 2255 motion did not raise the same claims as his direct appeal. In his direct appeal, Williams contended that: 1) he was denied his right to counsel of his choice; 2) the testimony of his wife was erroneously admitted at trial; and 3) the court applied the wrong sentencing guidelines.[2] However in his § 2255 motion, Williams

_____

[1] **United States v. Williams**, Nos. CR-93-72-BO; CA-96-14-4-BO (E.D.N.C. May 7 & 31, 1996); <u>United States v. Williams</u>, Nos. CR-93-72-BO; CA-96-73-4-BO (E.D.N.C. July 15, 1996, Aug. 15, 1996).
[2] **United States v. Williams**, 81 F.3d 1321, 1322 (4th Cir. 1996).

2

asserted: 1) that the prosecution failed to disclose favorable information; 2) that he was denied effective assistance of counsel; 3) that an unlawful confession was erroneously admitted into evidence; and 4) that the jury overheard a witness make prejudicial remarks outside the courtroom. The claims Williams raised in his § 2255 motion are not the same as those he litigated and lost on direct appeal; thus, he may present them in a collateral proceeding.[3]

Additionally, the district court did have jurisdiction to address the merits of Williams's first § 2255 motion. Section 2255 states in part, "[a] motion for such relief may be made at any time."[4] While a § 2255 motion is generally not heard where a direct appeal is pending, except in "exceptional circumstances,"[5] that does not mean that the district court was without jurisdiction.[6] Moreover, the district court's observation that Williams's direct appeal was pending before this court was erroneous as this court decided Williams's direct appeal several days earlier. We therefore vacate and remand Williams's first § 2255 motion because the district court has not addressed the merits of Williams's claims.

However, the district court's dismissal of Williams's second § 2255 motion as successive and an abuse of the writ was proper. Williams's second § 2255 motion was successive because it raised grounds identical to those raised in Williams's first § 2255 motion.[7] Further, the district court did not abuse its discretion in denying Williams's motion for relief from the district court's order finding his second § 2255 motion successive and abusive. It is clear from the record that Williams's second § 2255 motion raised the same issues as his first § 2255 motion to vacate sentence.

Accordingly, we grant a certificate of appealability, vacate the dis-

_____

[3] See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).
[4] 28 U.S.C. § 2255 (1994), as amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1220.
[5] Bowen v. Johnson, 306 U.S. 19, 26-27 (1939).
[6] United States v. Taylor, 648 F.2d 565, 672 (9th Cir. 1981).
[7] Kuhlmann v. Wilson, 477 U.S. 436, 445 n.6 (1986); Sanders v. United States, 373 U.S. 1, 15-17 (1963).

trict court's order entered on May 7, 1996, and remand to the district court to address Williams's claims, but affirm the orders entered May 31, 1996, July 15, 1996, and August 15, 1996. Of course, we express no opinion concerning the merits of Williams's claims or of the merit of any substantive or procedural defense to them. Additionally, we deny Williams's motion for bail. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-7125 - <u>VACATED AND REMANDED IN PART, AFFIRMED IN PART</u>
No. 96-7373 - <u>AFFIRMED</u>

4