**UNITED STATES of America**

v.

**Teresa BROWN.**

**Civil No. HNM–97–1095.**
**Criminal Nos. JFM–89–0391/0392.**

United States District Court,
D. Maryland.

July 25, 1997.

---

4. *See also McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

Lynne A. Battaglia, U.S. Attorney for the District of Maryland, John V. Geise, Assistant U.S. Attorney, Baltimore, MD, for the government.

Teresa Brown, pro se.

## MEMORANDUM AND ORDER

HERBERT N. MALETZ, Senior Judge.[1]

A jury convicted Teresa Brown of one count of conspiring to distribute and possess

1. Of the United States Court of International Trade, sitting by designation.

with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846. The court sentenced Brown to 200 months imprisonment, five years of supervised release, and a $50 special assessment. The Fourth Circuit affirmed her conviction and sentence. *United States v. Arrington, et al.*, Nos. 90–5384, 90–5392, 90–5393, 90–5394, 1992 WL 344753 (4th Cir. Nov.23, 1992) (unpublished).

Currently pending before the court is Brown's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. Brown contends: (1) that she was denied the effective assistance of counsel; (2) that there is insufficient evidence in the record to support her conviction; (3) that she is entitled to a new trial on the basis of newly discovered impeaching evidence; (4) that the court erred when it admitted certain hearsay evidence at trial; (5) that the court erred in failing to sever her from her co-defendants; (6) that the court erred in failing to adequately consider her pre-trial motions; and (7) that the court erred in determining her sentence. For the reasons that follow, the motion is denied.

### I.

■ Brown claims that she was denied the effective assistance of counsel in violation of the Sixth Amendment. First, she claims that her counsel was ineffective for failing to file a petition for a writ of certiorari in the United States Supreme Court. This claim fails because Brown has no constitutional right to an attorney in the preparation of a certiorari petition. For a criminal defendant, "the right to appointed counsel extends to the first appeal as of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Without a constitutional right to counsel to pursue discretionary review, Brown cannot claim constitutionally ineffective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance); *Evitts v. Lucey*, 469 U.S. 387, 397 n. 7, 105 S.Ct. 830, 837 n. 7, 83

L.Ed.2d 821 (1985) ("the right to effective assistance of counsel is dependent on the right to counsel itself").

■ Second, Brown contends that counsel was ineffective for failing to inform her accurately on the advisability of pleading guilty. She claims that she wanted to plead guilty, but that counsel advised her to proceed to trial; and further claims that she would have received a lesser sentence had she pleaded guilty. Brown fails to specify what erroneous advice her attorney gave her. She merely states that he advised her to proceed to trial. In any event, it is unnecessary for the court to decide whether the performance of Brown's attorney fell below an objective standard of reasonableness, because the court is persuaded that Brown was not prejudiced by her attorney's advice.

To establish prejudice, Brown must show that, but for her attorney's advice, she would have pleaded guilty. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Brown has not shown that she would have acknowledged her guilt before trial. Although she now states that she would have pleaded guilty had her attorney not advised her to proceed to trial, she seeks a new trial in this motion and continues to assert her innocence. Accordingly, this claim must be rejected.

Lastly, Brown contends that counsel was ineffective for "fail[ing] to attack government paid witnesses" and "fail[ing] to raise evidentiary issues in the trial that would have shown [she] was not 'as involved' in the conspiracy as her co-defendant's." Both of these claims are far too vague to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir.), *cert. denied*, 474 U.S. 865, 106 S.Ct. 185, 88 L.Ed.2d 154 (1985).

Brown next contends that there is insufficient evidence in the record to support her conviction. She claims that her fingerprints were not on the scale found at her house; that Kevin Townes–Bey, a cooperating witness, failed to identify her in the courtroom and in a photo array, and could not recall or

otherwise describe her house; and that government witnesses gave contradictory testimony. Having carefully reviewed the record in this case, the court finds this contention to be without merit.

Brown next alleges that misconduct by Detective Edward Fox constitutes newly discovered evidence warranting a new trial. She alleges that Detective Fox was accused of drug abuse "through later findings" subsequent to her trial. Brown, however, has failed to provide any affidavits or other evidence to support this claim. Her claim is thus far too vague to warrant the requested relief.

▮ In any event, even if the court were to assume the truth of Brown's allegation, Brown would only be entitled to relief if she could demonstrate:

(1) that the evidence is, in fact, newly discovered, i.e., discovered since the trial; (2) facts from which the court may infer diligence on her part; (3) that the evidence relied on is not merely cumulative or impeaching; (4) that it is material to the issues involved; and (5) that it is such, and of such nature, that, on a new trial, the newly discovered evidence would probably produce an acquittal.

See *United States v. Custis,* 988 F.2d 1355, 1359–60 (4th Cir.1993). Brown fails to meet this standard. Any "later findings" of drug abuse is mere impeaching evidence and, in light of the substantial evidence against Brown, would not be likely to produce an acquittal if a new trial were granted. Accordingly, this claim too is without merit.

Brown raises three additional arguments challenging her conviction. First, she contends that the court erred when it admitted certain hearsay evidence at trial. Second, she contends that the court erred in failing to sever her from her co-defendants. Third, she contends that the court erred in failing to adequately consider her pre-trial motions. Because these issues were fully considered and decided adversely to Brown on direct appeal, see *United States v. Arrington, et al.,* Nos. 90–5384, 90–5392, 90–5393, 90–5394, 1992 WL 344753, at *2 (4th Cir. Nov.23, 1992) (unpublished), they are not subject to collateral attack. See *Boeckenhaupt v. Unit-*

*ed States,* 537 F.2d 1182, 1183 (4th Cir.), *cert. denied,* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976).

▮ Lastly, Brown contends that the court erred in determining her sentence. In particular, she challenges the court's computation of her base offense level under the Sentencing Guidelines, claiming that 50 or more kilograms of cocaine was erroneously attributed to her. See U.S. Sentencing Guidelines Manual § 2D1.1 (1995). This issue was fully considered and decided adversely to Brown on direct appeal. The Fourth Circuit expressly stated that the determination that Brown was responsible for 50 or more kilograms of cocaine was not clearly erroneous. See *Arrington, et al.,* Nos. 90–5384, 90–5392, 90–5393, 90–5394, 1992 WL 344753 at *2 n. 2. If an issue has been decided adversely to a defendant on direct appeal, it cannot be relitigated on collateral attack. *Boeckenhaupt,* 537 F.2d at 1183.

Brown also alleges that the court erred by failing to reduce her offense level because she accepted responsibility. Under USSG § 3E1.1, the offense level may be decreased by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." *Id.* § 3E1.1(a). "[T]ruthfully admitting the conduct comprising the offense of conviction" is one consideration in applying this guideline. *Id.* § 3E1.1, comment. (n.1(a)). The adjustment is not meant to apply to a defendant who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1, comment. (n.2).

Brown went to trial and was convicted of conspiring to distribute and possess with intent to distribute cocaine and heroine. Hers is not one of the rare cases where a defendant who has gone to trial can still claim the adjustment, i.e., where the defendant goes to trial to preserve issues unrelated to factual guilt. See *id.* Therefore, the court's determination that Brown was not entitled to an adjustment for acceptance of responsibility was not error.

534

Brown also contends that she should have received a lesser sentence based on the sentences received by her co-defendants. This claim is foreclosed by case law in the Fourth Circuit. *See United States v. Ellis,* 975 F.2d 1061, 1066 (4th Cir.1992) ("absent proof of actual prosecutorial misconduct ... district court may not depart downward based upon the disparity of sentences among codefendants"); *see also United States v. Withers,* 100 F.3d 1142, 1149 n. 3 (4th Cir. 1996) (reaffirming holding of *Ellis* and noting unanimous agreement among circuits that have addressed issue).

Considering the testimony of the twelve cooperating witnesses, the intercepted telephone conversations, and the physical evidence recovered from Brown's home, i.e., cocaine and related paraphernalia, the argument that she should have received a four level downward adjustment for mitigating role under USSG § 3B1.2 merits no discussion.

Finally, Brown contends that she qualifies for a reduction in her sentence under the "safety valve" provision of 18 U.S.C. § 3553(f), a provision enacted subsequent to her conviction and sentencing. She concedes that this provision was not made retroactive to her case, but urges the court to consider it on resentencing her pursuant to this motion. Because the court concludes that this motion does not entitle Brown to any relief, the "safety valve" provision is not applicable. Accordingly, the court does not address the adequacy of Brown's compliance, if any, with its several requirements.

## II.

For the reasons set forth above, Brown is not entitled to relief on any of her claims brought pursuant to § 2255. Therefore, the motion is denied.