**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 00-6638

PRECIOUS OMUTUNDE BANKOLE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-96-479-A, CA-99-1560-AM)

Submitted: October 31, 2000

Decided: November 17, 2000

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Precious Omutunde Bankole, Appellant Pro Se. Gordon Dean Kromberg, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Precious Omutunde Bankole seeks to appeal the district court's order denying her motion for reconsideration of the court's previous order dismissing without prejudice her 28 U.S.C.A. § 2255 (West Supp. 2000) motion. We vacate and remand.

Bankole was convicted by a jury of conspiracy to commit money laundering, 18 U.S.C. § 1956(h) (1994), perjury, 18 U.S.C. § 1623 (1994), and obstruction of justice, 18 U.S.C. § 1503 (1994). She received a 63-month sentence. Bankole timely noted her appeal. This Court affirmed Bankole's convictions and sentence. *See United States v. Bankole*, No. 97-4453 (4th Cir. Oct. 14, 1998) (unpublished).

Soon thereafter, on November 19, 1998, Bankole filed a "motion for newly discovered evidence." In that motion, Bankole claimed that the Government violated 18 U.S.C. § 201(c)(2) (1994) by offering immunity to a testifying witness. The district court denied this motion by order filed on December 2, 1998. Over a week later, on January 13, 1999, Bankole noted her appeal to this court of the district court's December 2, 1998, order denying her motion for newly discovered evidence.

On October 14, 1999, Bankole filed a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). In this motion, Bankole raised primarily ineffective assistance of counsel claims. On October 20, 1999, the district court dismissed the motion without prejudice on the ground that "this case" was on appeal to the Fourth Circuit and that it therefore did not have jurisdiction to entertain the motion.

On December 30, 1999, Bankole noted her appeal of the district court's order dismissing her § 2255 motion. On January 7, 2000, Bankole filed her motion for reconsideration of the district court's dismissal of that order on January 7, 2000. This court subsequently dismissed Bankole's appeal of the denial of her motion for newly discovered evidence pursuant to Fed. R. App. P. 42(b) on January 14, 2000. The district court denied her motion for reconsideration on Feb-

ruary 17, 2000. Bankole timely noted her appeal of that order on April 14, 2000.

A § 2255 motion generally will not be heard where a direct appeal is pending, except in exceptional circumstances. *See Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939). It is clear from the record that Bankole's direct appeal was not pending when she filed her 28 U.S.C.A. § 2255 motion. Furthermore, the claims Bankole raised in her § 2255 motion, were not the same as those raised in her appeal of the denial of her motion for newly discovered evidence. Thus, she was entitled to present her claims in a collateral proceeding. *See Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). The district court was therefore vested with jurisdiction to entertain Bankole's habeas motion. In any event, because this court dismissed the pending appeal in the interim, the district court should have granted Bankole's motion for reconsideration. Because the district court failed to do so, we deny a certificate of appealability, vacate the district court's order denying Bankole's motion for reconsideration, and remand to the district court for review of Bankole's § 2255 motion on the merits.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*