UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARK ANTHONY REYNOLDS,
        *Defendant-Appellant.*

No. 00-7000

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-98-27, CA-00-65-1)

Submitted: October 26, 2000

Decided: December 29, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

## COUNSEL

Mark Anthony Reynolds, Appellant Pro Se. Paul Thomas Camilletti, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Anthony Reynolds seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. On appeal, Reynolds asserts that he was not competent to enter his guilty plea. He is foreclosed from raising this claim in a § 2255 action because he failed to show cause and prejudice to excuse his failure to raise this constitutional claim on direct appeal. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Next, Reynolds challenges the district court's disposition of his claim that the Government breached the plea agreement. Because Reynolds litigated this claim on direct appeal, he may not reassert it in a collateral proceeding, absent exceptional circumstances not present here. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Finally, Reynolds contends for the first time on appeal that the district court's finding regarding the amount of the loss used to enhance his base offense violated the Supreme Court's decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). We generally do not consider issues raised for the first time on appeal, except under narrow circumstances not present here. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for first time on appeal generally will not be considered absent exceptional circumstances of plain error or fundamental miscarriage of justice).*

Accordingly, we deny Reynolds' motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

*Even if this claim were properly before the court, Reynolds was not sentenced above the statutory maximum for the offense of conviction, so the sentence does not implicate the concerns raised in *Apprendi*. *See United States v. Angle*, ___ F.3d ___, 2000 WL 1515159 (4th Cir. Oct. 12, 2000), *petition for rehearing filed*, Oct. 26, 2000 (No. 96-4662).

materials before the court and argument would not aid the decisional process. *DISMISSED*