**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6002**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TIMOTHY ALEXANDER RUSH,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, District Judge.  (CR-99-86; CA-01-903)

———————

Submitted:  May 24, 2004              Decided:  June 4, 2004

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Timothy Alexander Rush, Appellant Pro Se.  Morgan Eugene Scott, Acting United States Attorney, Roanoke, Virginia; Bruce A. Pagel, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Alexander Rush appeals the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Rush has not made the requisite showing.

The district court found Rush's trial counsel ineffective for failing to note a timely appeal and, by order filed November 10, 2003, Rush's judgment and commitment order were re-entered. Rush timely appealed his conviction, raising five issues, including a claim that his plea agreement was unconstitutional. This Court affirmed Rush's conviction and sentence. See United States v. Rush, No. 04-4000 (4th Cir. May 19, 2004). Rush raised a claim that his guilty plea was unconstitutional in his § 2255 motion. On

- 2 -

appeal Rush asserts the same claim challenging the constitutionality of his guilty plea that was presented in his direct appeal. An issue previously decided on direct appeal may not be raised on collateral review. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Rush also raises the following claims on appeal: (1) trial counsel failed to provide him with certain discovery materials; and (2) malicious prosecution. However, because he raises these claims for the first time on appeal and fails to show exceptional circumstances for his failure to raise them at an earlier stage, we are foreclosed from considering them on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we deny a certificate of appealability and dismiss Rush's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED