**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4955**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALONZO MACKINS, JR.,

Defendant - Appellant.

---

**No. 06-7581**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ALONZO MACKINS, JR.,

Defendant - Appellee.

---

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:97-cr-00022; 3:04-cv-00510)

---

Submitted: October 31, 2007          Decided: June 20, 2008

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

No. 06-4955 dismissed; No. 06-7581 vacated and remanded by unpublished per curiam opinion.

Richard B. Fennell, Jon P. Carroll, JAMES, MCELROY & DIEHL, P.A., Charlotte, North Carolina, for Alonzo Mackins, Jr. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for the United States.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonzo Mackins ("Mackins") was charged with four other individuals, including his brother, Willie Mackins ("Willie"), with one count of conspiracy to possess with intent to distribute cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C. § 846 (2000) and with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2000). The Government filed an information pursuant to 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2007), alleging that the conspiracy involved in excess of 1.5 kilograms of cocaine base, in excess of five kilograms of cocaine, and in excess of one kilogram of cocaine. Mackins was found guilty by a jury and the district court sentenced him to life imprisonment on the drug conspiracy offense and 240 months on the money laundering conspiracy offense. Although Mackins objected to the presentence report calculation of drug quantity, he did not object to the failure of the jury to find drug quantity. However, Willie argued at sentencing that the district court's attribution of drug quantity violated his constitutional rights based on Apprendi v. New Jersey, 530 U.S. 466 (2000), predecessor case law.

Mackins appealed and challenged his sentence under Apprendi, arguing that the district court erred in using specific drug quantities to determine his sentence when no such quantities were charged in the indictment or found by the jury, and without a

finding of a specific drug quantity Mackins could only be subject to a statutory maximum sentence of twenty-years.[1] The district court sentenced him to life imprisonment based on its attribution of drug quantity. This court found that the district court plainly erred in enhancing Mackins' sentence above the statutory maximum based on the findings of the jury. However, we declined to notice the error, concluding it did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings" to warrant notice because the record revealed "that the conspiracy charged here indisputably involved quantities of cocaine and cocaine base far in excess of the minimum amounts necessary to sustain the sentence[] pursuant to 21 U.S.C.A. § 841(b)(1)(A)." United States v. Mackins, 315 F.3d 399, 408 (4th Cir. 2003).

Mackins filed a 28 U.S.C. § 2255 (2000) motion asserting several claims, including that his trial counsel rendered ineffective assistance when he failed to object to the district court's determination of drug quantity that enhanced his sentence beyond the statutory maximum applicable for the quantity of drugs cited in the indictment. He also argued that his counsel was ineffective by failing to interview witnesses that would have provided exculpatory evidence regarding whether Government

_____

[1]The statutory maximum without regard to drug quantity was twenty years. However, due to Mackins' prior felony drug conviction, he would have been subject to a maximum sentence of thirty years. See 21 U.S.C.A. § 841(b)(1)(C).

witnesses were improperly coached and testified falsely against him. On January 4, 2006, the district court dismissed all of Mackins' claims, with the exception of whether counsel's representation was constitutionally ineffective based on his failure to object to the district court's finding on drug quantity based on Apprendi predecessor law and, if so, whether United States v. Booker, 543 U.S. 220 (2005), applied to Mackins' sentence. The district court held an evidentiary hearing on this claim.

The district court determined that counsel did not provide ineffective assistance of counsel because he was not aware that Willie's counsel raised Apprendi precursor arguments. However, the district court held that Mackins was still entitled to relief under Apprendi because the court was "unable to divine any difference between the Petitioner's case and that of [United States v. Hughes, 401 F.3d 540 (4th Cir. 2005)]." The district court rejected the Government's contention that this court's decision on the Apprendi error was the law of the case and instead found that the Hughes case conflicted with the court's prior opinion and therefore merited extraordinary relief due to a "complete miscarriage of justice." The district court also held that even if Mackins was not entitled to relief on the ineffective assistance of counsel at sentencing claim, he would still be entitled to relief because his sentence resulted in a substantive Sixth Amendment violation and

also was "the result of a non-constitutional error which involves 'a fundamental defect which inherently results in a complete miscarriage of justice' or is 'inconsistent with the rudimentary demands of fair procedure.'" The district court vacated Mackins' life sentence and entered an amended judgment reducing Mackins' sentence to 360 months. The Government filed a timely appeal of the amended judgment. Mackins filed a timely appeal of the order dismissing the remaining § 2255 claims.

Mackins appeals from the dismissal of his 28 U.S.C. § 2255 claim that counsel rendered ineffective assistance by failing to interview witnesses who could impeach the credibility of government witnesses. An appeal may not be taken to this court from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Mackins has not made the requisite

showing. Accordingly, we deny a certificate of appealability and dismiss Mackins' appeal of the district court's order denying in part § 2255 relief.

The district court determined that although Mackins did not receive ineffective assistance of counsel,[2] the <u>Apprendi</u> error violated his Sixth Amendment right to a jury trial on drug quantity. It further held that Mackins would also be entitled to relief under § 2255 because, although the error was non-constitutional and non-jurisdictional, it constituted a fundamental defect which resulted in a complete miscarriage of justice. The Government contends on appeal that the district court erred because this court's opinion on direct appeal constitutes the law of the case on the <u>Apprendi</u> error and no exception applies to disturb this court's previous holding, Mackins is procedurally defaulted from raising a Sixth Amendment claim, and Mackins is not entitled to relief based on a non-constitutional claim analysis as utilized by the district court because the claim is constitutional in nature and even if the non-constitutional analysis did apply, because this court found no plain error requiring notice, a complete miscarriage of justice did not result.

The district court applied the law of the case doctrine in analyzing the <u>Apprendi</u> claim. Generally, "'the doctrine [of the law of the case] posits that when a court decides upon a rule of

_____

[2]Mackins does not contest this holding.

- 7 -

law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). The law of the case must be applied:

> "in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

Id. (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)); see Invention Submission Corp. v. Dudas, 413 F.3d 411, 414-15 (4th Cir. 2005) (discussing "mandate rule," which "is a more powerful version of the law of the case doctrine and is based on the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system," and exceptions to rule) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 1024 (2006).

Here, the district court relied on the second and third exceptions to the law of the case doctrine. We believe that the Apprendi claim would be best addressed by our precedent dealing with § 2255 instead of the law of the case doctrine. See, e.g., Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (defendant cannot relitigate issues previously rejected on direct appeal); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir.

- 8 -

2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues.").

The district court's rationale for granting relief and reducing Mackins' sentence relies entirely on its determination that Hughes dictates an application of law directly in conflict with our prior decision in Mackins' direct appeal. The district court held that our previous decision was clearly erroneous in light of Hughes, therefore requiring a different result on collateral review. In so holding, the district court erred.

In Hughes, we held that the defendant demonstrated that the district court erred in enhancing his sentence under the then mandatory Sentencing Guidelines based on facts not found by a jury beyond a reasonable doubt, and that the error affected his substantial rights. We noticed the error because the sentence imposed was four times higher than that which would have been proper based only on the quantity found by the jury and there was no indication as to how the district court would have sentenced the defendant under an advisory Guidelines scheme. Hughes, 401 F.3d at 555-56. In Hughes, we remanded for resentencing, without addressing the evidence supporting the enhancement or whether that evidence was overwhelming or uncontroverted.

- 9 -

A year later in United States v. Smith, 441 F.3d 254, 272-73 (4th Cir. 2006), we held that overwhelming and uncontroverted evidence supporting an enhancement negates noticing plain Booker error.[3] We reasoned that although the Sixth Amendment requires that the jury, rather than the judge, find drug quantity since the evidence of drug quantity was overwhelming and uncontroverted, upon finding the defendant guilty of the offenses, unquestionably the jury also found that the offenses involved the quantity charged in the indictment. Id. at 272-73. In Smith, we specifically cited United States v. Cotton, 535 U.S. 625, 632-34 (2002), in which the Supreme Court held that when the evidence of a sentencing factor is overwhelming and essentially uncontroverted, there is no basis for noticing plain Booker error.

The district court relied upon the dissent in Smith in reaching its decision that Hughes changed our plain error analysis. It did not discuss the majority holding in Smith -- a holding that directly conflicted with its contention that, had we decided Mackins' direct appeal applying the Hughes plain error review standard, we would have noticed the error. In sum, because the district court erred in finding that Hughes changed this circuit's plain error analysis, Mackins cannot demonstrate a change in the law warranting our reconsideration of the issue. See Roane, 378

---

[3]Smith issued before the district court entered its order granting sentencing relief on the Apprendi claim and it was cited by the district court.

F.3d at 396 n.7.  We therefore vacate the amended criminal judgment and remand for the district court to reimpose the original life sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 06-4955 <u>DISMISSED</u>
No. 06-7581 <u>VACATED AND REMANDED</u>