**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-7579

ARTHUR FRANK HARRISON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-92-68, CA-96-72-BO)

Submitted: August 14, 1997

Decided: August 25, 1997

Before NIEMEYER, Circuit Judge, and BUTZNER and
PHILLIPS, Senior Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Arthur Frank Harrison, Jr., Appellant Pro Se. Bruce Charles Johnson,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arthur Frank Harrison, convicted by a jury of numerous firearms offenses, now appeals the district court's denial of his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), in which Harrison raised several claims relating to his entrapment defense, and claimed ineffective assistance of his privately retained trial counsel. We have reviewed the record and the district court's opinion and find no reversible error.

First, the claims Harrison raises which relate to his entrapment defense have been previously raised on direct appeal and decided adversely to Harrison. Accordingly, the district court properly dismissed those claims. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

In addition, this Court reviewed the evidence of Harrison's guilt in his direct appeal, and found it to be overwhelming. United States v. Harrison, 37 F.3d 133 (4th Cir. 1994). Given this, we find that Harrison has not demonstrated prejudice required by Strickland v. Washington, 466 U.S. 668, 687, 691-94 (1984), and therefore cannot obtain relief from his conviction based on ineffective assistance of counsel.

Finally, Harrison's claim that the district court erred by failing to hold an evidentiary hearing is without merit. In many instances it is appropriate for the sentencing judge to dispose of a § 2255 motion based on his memory, Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977), however, the district court in this case went a step further by expanding the record to include affidavits. See Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970). We find that a hearing was not necessary because the record conclusively shows that Harrison was not entitled to relief. See Fontaine v. United States, 411 U.S. 213, 215 (1973).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

DISMISSED