**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-7788

JONATHAN WAYNE HADRICK,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-92-402-JFM, CA-97-1423-JFM)

Submitted: July 7, 1998

Decided: August 20, 1998

Before ERVIN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Wayne Hadrick, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jonathan Wayne Hadrick appeals from the district court's order denying his motion filed pursuant to 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998). For the following reasons, we deny a certificate of appealability and dismiss the appeal. Hadrick was convicted of violating 18 U.S.C. § 922(g)(1) (1994), which prohibits a felon from possessing a firearm and ammunition. This court affirmed his conviction. See United States v. Hadrick, 34 F.3d 1067 (4th Cir. Sept. 1, 1994) (unpublished). He subsequently sent the district court a letter requesting assistance in obtaining certain documents. Accompanying the letter, Hadrick filed a § 2255 motion that raised seven alleged errors. The district court denied his motion.

Even assuming Hadrick could obtain the requested documents, his claims lack merit. With the exception of his Lopez claim and his ineffective assistance of counsel claims, Hadrick could have raised his claims on direct appeal, but he failed to do so. Therefore those non-constitutional claims that were not raised on direct appeal may not be raised in this collateral proceeding. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). Additionally, those claims that were decided by this court on direct appeal may not be asserted again in collateral proceedings. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976); United States v. Everette, 39 F.3d 1178 (4th Cir. 1994) (unpublished). Dispensing with those claims which were inappropriately argued, we now consider Hadricks' remaining claims.

Hadricks's ineffective assistance of counsel claims also lack merit. Although he claims that his counsel was ineffective by failing to object to prejudicial and inflammatory remarks made by the prosecutor during closing argument, he fails to show that"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Likewise, he claims that his counsel was ineffective by failing to produce a witness whose testimony would have been both admissible and critical to his case, but he fails to make a proffer of what favorable testimony the witness would have given. See Bassette v. Thompson, 915 F.2d 932, 940-41

2

(4th Cir. 1990). As to Hadrick's claim that § 922(g)(1) is unconstitutional in light of <u>United States v. Lopez</u>, 514 U.S. 549 (1995), it is clearly established that § 922(g)(1) is a valid exercise of congressional power. <u>See United States v. Wells</u>, 98 F.3d 808 (4th Cir. 1996); <u>United States v. Rawls</u>, 85 F.3d 240 (5th Cir. 1996).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3