**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

HASHIM SHAHIM WHITE, a/k/a
Abdullah Hashim Mutee, a/k/a
Abdullah Hashim, a/k/a Hashim Al-
Quddus,

            *Defendant-Appellant.*

No. 02-4748

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-02-48)

Submitted: February 25, 2003

Decided: March 24, 2003

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Hashim Shahim White appeals his conviction and sentence on a charge of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).[1] Over White's objection, the district court applied a two-point enhancement to White's offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2001), for "altered or obliterated serial number," and sentenced White to 66 months' imprisonment, a three-year term of supervised release, and ordered White to pay the mandatory special assessment of $100. White filed a timely notice of appeal in which he claims: (1) the district court improperly enhanced his sentence under USSG § 2K2.1(b)(4), for possession of a pistol with an obliterated serial number when White had no knowledge that the serial number was obliterated; (2) the vehicle stop violated his constitutional rights because the police officers had no reasonable suspicion to conduct a vehicle stop; and (3) the government was required to disclose the identity of the informant who gave police preliminary information concerning White. The last two issues are submitted by defense counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we affirm White's conviction and sentence.

White first claims the district court erred in enhancing his sentence under USSG § 2K2.1(b)(4), which provides for a two-level increase in the defendant's offense level when any firearm possessed has an obliterated serial number, because he was acquitted of the crime of "knowing" possession of a gun with an obliterated serial number. This court uses a sliding-scale standard of review for appeals involving application of the Sentencing Guidelines. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Factual findings made by the dis-

---

[1]White was acquitted of being in possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000).

trict court in connection with a sentencing decision are reviewed for clear error while legal interpretations of the Guidelines are reviewed *de novo*. *Id.* This court's review of this issue is *de novo* because it involves the correct interpretation of § 2K2.1(b)(4), and the application of the enhancement to the facts of this case.

A general verdict of not guilty is not a finding of fact or a rejection of any fact, but only an acknowledgment that the government failed to prove an essential element beyond a reasonable doubt. *United States v. Watts*, 519 U.S. 148, 155 (1997) (citations omitted). Thus, a verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.[2] *Id.* at 157. *See also United States v. Murphy*, 96 F.3d 846, 848-49 (6th Cir. 1996) (holding lack of *mens rea* requirement in § 2K2.1(b)(4) does not violate due process). Therefore, we find the district court was free to find, by a preponderance of the evidence, that White possessed a firearm with an obliterated serial number and to enhance his sentence accordingly.

White next claims the police officers who stopped the vehicle in which he was a back-seat passenger lacked a reasonable and articulable suspicion of past or present criminal activity and probable cause, such that the stop violated his Fourth Amendment rights. This court reviews *de novo* the district court's determination of reasonable suspicion and probable cause. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992).

An automobile stop constitutes a seizure within the meaning of the Fourth Amendment, and is permissible if the officer has probable cause to believe a traffic violation has occurred or has a reasonable and articulable suspicion of past or present criminal activity. *Whren v. United States*, 517 U.S. 806, 809-10 (1996); *United States v. Hensley*, 469 U.S. 221, 226, 229 (1985); *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968). An informant's tip can provide the officers with the articulable suspicion to stop the vehicle. *Hensley*, 469 U.S. at 226. Police

---

[2]White does not dispute the existence of proof by a preponderance of the evidence relating to the acquitted charge on which the enhancement was based.

officers can stop and briefly detain a person for investigative purposes if the officer reasonably suspects that criminal activity may be afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *see also Terry v. Ohio*, 392 U.S. 1, 30 (1968). In evaluating police conduct in a *Terry* stop, courts must consider the totality of the circumstances known to the officer at the time of the stop. *United States v. Sokolow*, 490 U.S. 1, 8 (1989). Once reasonably suspicious, the police are entitled to conduct a frisk and search for weapons when conducting a *Terry* stop. *Hensley*, 469 U.S. at 235. When the occupant of a vehicle is arrested, the passenger compartment and any containers therein may be searched without a warrant or further showing of probable cause. *New York v. Belton*, 453 U.S. 454, 460-61 & n.4 (1981); *United States v. Milton*, 52 F.3d 78, 80 (4th Cir. 1995). A passenger can challenge the legality of the stop of a vehicle. *Rusher*, 966 F.2d at 874 n.4, 875.

Here, Officer Thompson was informed that there were outstanding warrants for White in the State of New Jersey. He verified this information through the National Crime Information Center and by checking police reports. Officer Thompson, along with several other officers from the Norfolk Police Department, conducted surveillance on the residence where they were informed that White was located. When the officers encountered White, he ran off. Officer Thompson later recognized White as a back-seat passenger in a vehicle being driven by his sister, the same vehicle the officers observed his sister drive from the residence. During their attempt to stop the vehicle, the officers saw what appeared to be cocaine being thrown from the car. After the stop and arrest of White and the detention of the other occupants, officers found a loaded pistol in the glove compartment.

We find without difficulty that the combination of circumstances in this case justified an investigative stop. First, the officers responded to information provided by a confidential informant that White was wanted in New Jersey for weapons and "possible" drug charges, and that he was staying at a particular location. Police then verified the outstanding warrants, and further verified that the address at which White was located was his mother's residence. Officers had a descriptive recognition, followed by positive identification of White when he took off running, and then recognized White in the vehicle being driven by his sister. Officer Thompson reasonably relied on his knowledge of the existence of the outstanding warrants for White.

Once Officer Thompson observed White in the vehicle which he had seen White's sister drive from the same residence where the officers had previously encountered White, he had the requisite reasonable suspicion and probable cause to stop the vehicle and detain White in order to investigate. *Sokolow*, 490 U.S. at 8; *United States v. Crittendon*, 883 F.2d 326, 328 (4th Cir. 1989). The investigative stop in this case was proper. White's arrest, and the search which yielded the firearm, likewise were proper.

White's final claim is that his rights were violated because he was not afforded an opportunity to confront the witness against him whom Officer Thompson testified provided him with preliminary information regarding White, including the facts that White had outstanding warrants from New Jersey, and that he possessed a firearm. A legal distinction exists regarding the privilege of nondisclosure between an informant who is an active participant in an offense and a mere tipster "who supplies a lead to law enforcement officers to be pursued in their investigation of crime." *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973). The privilege of nondisclosure ordinarily is applicable where the informant is a mere tipster, because the identity of the informant is not essential in the preparation of a defense. *Id.*; *United States v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986).

It is clear that the information received by Officer Thompson in this case was a tip. In addition, there was no allegation or evidence that the informant was an actual participant in the charges ultimately brought against White, nor was there a request for or showing that the name of this person was essential to White's defense. The information given by the informant was fully and independently verified by the officers through independent sources. Accordingly, we find that the public interest in protecting the identity of the informant in this case clearly outweighed any benefit to White of knowing the informant's identity. *Roviaro v. United States*, 353 U.S. 53, 60-62 (1957).

We affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*