Hashim Shahim WHITE, Petitioner,

v.

**UNITED STATES of America, Respondent.**

**No. CRIM. A. 2:02CR48.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 9, 2004.

·Larry W. Shelton, Office of The Federal Public Defender, Norfolk, VA, for Defendant.

James Ashford Metcalfe, U.S. Attorney's Office, Norfolk, VA, for Plaintiff.

### MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

Before the Court is the Motion of Hashim Shahim White ("Petitioner") to Vacate, Set Aside, or Correct a Sentence Previously Imposed, pursuant to 28 U.S.C. § 2255.

Having thoroughly reviewed the motions, files, and records in this case, the Court finds that based on the circumstances of this case, no hearing is necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 20, 2002, a grand jury returned a two-count indictment against Petitioner, charging Petitioner with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Petitioner waived his right to a trial by jury. On May 23, 2002, the Court found Petitioner guilty as to Count One. On September 12, 2002, the Court sentenced Petitioner to sixty-six (66) months imprisonment, three years supervised release, and a $100 special assessment. Petitioner appealed his conviction and sentence, and on May 22, 2003 the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Petitioner's conviction.

Petitioner filed the instant motion under 28 U.S.C. § 2255 on April 2, 2004. On July 2, 2004, the Court ordered the United States Attorney to respond to Petitioner's § 2255 petition within forty-five (45) days. On August 16, 2004, the Government filed its response. The time for Petitioner to file a Response to the Government's Reply has passed. This claim is now ripe for adjudication.

## II. STANDARD OF REVIEW AND BURDEN OF PROOF

 Title 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546 (4th Cir.1958); *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir.1967). In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Furthermore, if the motion is brought before the judge that presided over the conviction, the judge may rely upon recollections of previous events. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Carvell v. United States*, 173 F.2d 348, 348–49 (1949) (stating it is highly desirable that § 2255 motions "be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred.").

 If the issues raised by a petitioner have been fully considered by a court on appeal, the petitioner may not raise them again under the guise of a collateral attack. *Boeckenhaupt v. U.S.*, 537 F.2d 1182, 1183 (4th Cir.1976). It should also be noted that the burden on a petitioner collaterally attacking his sentence under § 2255 is heavier than his burden on appeal. Therefore, to obtain relief, a petitioner must meet the two part "cause and actual prejudice" test. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Under that

test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.; United States v. Maybeck,* 23 F.3d 888, 890 n. 1 (4th Cir.1994). This standard presents "a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at 166, 102 S.Ct. 1584. If the petitioner fails to meet the "actual prejudice" prong of the test, the Court need not address whether the petitioner has shown cause. *See United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

█ A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* petitioners are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Accordingly, the Court has interpreted the allegations and facts as reasonably as possible.

### III. DISCUSSION

Petitioner challenges his conviction and sentence on three grounds: (1) the police had no probable cause to stop the vehicle in which Petitioner was a passenger nor to search for the firearm; (2) the police did not show or inform Petitioner of any warrant for his arrest; and (3) Petitioner's trial counsel was ineffective. The Court notes that the issues regarding the validity of the search and seizure, and presentation of information about the tip and warrants have been fully litigated and considered by the Fourth Circuit. *See United States v. White,* 61 Fed.Appx. 832, 833 (4th Cir. 2003). Petitioner may not raise these issues again under guise of a collateral attack. *Boeckenhaupt,* 537 F.2d at 1183. Accordingly, Petitioner has no grounds to bring a § 2255 motion on these questions.

Petitioner's remaining claims are brought as claims of ineffective assistance of counsel, in violation of the Sixth Amendment. Ineffective assistance of counsel claims are governed by the settled doctrine of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show (1) that counsel's representation was deficient and (2) that Petitioner was prejudiced by counsel's performance. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052. If Petitioner makes an insufficient showing on one prong, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry. *Id.* at 697, 104 S.Ct. 2052.

█ In order to demonstrate deficient representation, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Petitioner must overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689, 104 S.Ct. 2052; *Matthews v. Evatt,* 105 F.3d 907, 919 (4th Cir.1997).

█ Petitioner bears the burden of proving prejudice. *Fields,* 956 F.2d at 1297. In order to demonstrate prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Matthews,* 105 F.3d at 919 (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

█ Petitioner argues that his trial counsel, Mr. Shelton ("Counsel"), was constitutionally ineffective on two grounds: (1) Counsel failed to request a suppression

hearing and (2) Counsel advised Petitioner not to testify on his own behalf. Petitioner has failed to establish any prejudice on either ground. The Fourth Circuit reviewed the search and seizure of Petitioner *de novo* and found both to be constitutional. The Petitioner cannot show that a suppression hearing would have resulted in the suppression of any evidence that would affected the outcome of Petitioner's trial. Additionally, Petitioner testified at length at trial, and so cannot claim to have been prejudiced by Counsel's advice to not testify. (Tr. Bench Trial at 106–145.) Petitioner cannot satisfy the prejudice prong of *Strickland,* and therefore fails to make a showing of ineffective assistance of counsel Accordingly, Petitioner's motion pursuant to § 2255 is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings, files, and record that the Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

The Court **ADVISES** Petitioner that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**