**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5146**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAY GOODINE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-03-472)

Submitted: June 9, 2006                     Decided: July 5, 2006

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, P.A., Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Ray Goodine appeals his jury conviction and sentence on a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).[1] The district court sentenced Goodine to 92 months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment.[2] Goodine's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising several issues for consideration. Goodine was given an opportunity to file a pro se brief, but has failed to do so. Finding no reversible error, we affirm.

Goodine's first issue on appeal is that his retrial contravened the Double Jeopardy Clause of the Constitution. We previously have thoroughly considered this claim in the context of Goodine's appeal from the district court's post-trial ruling that Goodine could be retried on the charge on which the jury was hung

---

[1]Goodine was previously tried on a two-count indictment on charges of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The trial resulted in a hung jury on one charge and an acquittal on the other. This case arises from the retrial on the charge on which the previous jury was hung.

[2]The probation officer calculated a sentencing guideline range of 77 to 96 months' imprisonment founded on a base offense level of 24, an adjusted offense level of 26 (after applying a two-level enhancement for obstruction of justice), and a criminal history category of IV.

and a mistrial was declared. <u>United States v. Goodine</u>, 400 F.3d 202 (2005). In that appeal, we determined that there was no constitutional impediment to retrying Goodine, as the indictment was not multiplicitous. <u>Id.</u> As this claim already has been determined adversely to Goodine, we decline to revisit it here. <u>See</u> <u>generally</u> <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976).

Goodine next asserts that the trial court erred in failing to instruct the jury on the defense of coercion and duress, on the theory that he handled the firearm because his girlfriend historically presented a threat to him. We review for abuse of discretion the district court's decision whether to grant a request for a particular jury instruction, <u>see</u> <u>United States v. Abbas</u>, 74 F.3d 506, 513 (4th Cir. 1996), and find no such abuse of discretion in this instance.

Goodine next contends that his trial counsel was ineffective for advising Goodine not to testify and for stipulating to the interstate nexus of the firearm. Goodine's claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective. <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not conclusively establish

ineffective assistance of counsel, we decline to consider this claim on direct appeal.

Goodine's final claim is that his sentence is unreasonable. After the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court no longer is bound by the range prescribed by the sentencing guidelines. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). However, in determining a sentence post-<u>Booker</u>, sentencing courts still are required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). <u>Id</u>. We will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id</u>. We further have stated that "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, ___ S. Ct. ___, 2006 WL 1057741 (U.S. May 22, 2006).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Goodine only after considering the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Goodine within the applicable guideline range and the statutory maximum, we find that Goodine's sentence of 92 months' imprisonment is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Goodine's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>