**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4507**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JANISON VEAL, a/k/a Jason,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Frederick P. Stamp,
Jr., District Judge.  (CR-02-43)

───────────

Submitted: January 29, 2004          Decided:  February 9, 2004

───────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston,
West Virginia, for Appellant.  Thomas E. Johnston, United States
Attorney, Thomas O. Mucklow, Assistant United States Attorney,
Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Janison Veal appeals his conviction, on a guilty plea, and sentence on charges of distribution of crack cocaine and possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). By counsel, Veal challenges his sentence, claiming his constitutional rights to effective assistance of counsel were violated because his attorney did not file objections to his presentence investigation report and failed to review the report with him prior to sentencing. He has filed a motion for leave to file a supplemental pro se brief, raising additional issues.

A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of this record that Veal's defense counsel failed to provide effective representation sufficient for this claim to be cognizable on direct appeal.

In his supplemental brief, Veal asserts the district court erred in denying his motion to withdraw his guilty plea, contending that the district court violated Fed. R. Crim. P.

11(d)(1). Because it is clear from the record that the district court accepted Veal's plea of guilty before Veal moved to withdraw his plea, Rule 11(d)(1) does not apply and this claim is without merit. Second, Veal's claim that the Government's calculation of drug weight without having to prove that evidence to the jury beyond a reasonable doubt raises what essentially is a claim arising under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We find no merit to this claim because <u>Apprendi</u> does not offer relief in cases where, as here, the sentence did not exceed the statutory maximum penalty. Finally, Veal challenges his trial attorney's failures to object to the alleged improper application of criminal history points and the obstruction of justice enhancement. We find that Veal's criminal history points were correctly calculated and find no error in the district court's application of the obstruction of justice enhancement to Veal.

Accordingly, we grant Veal's motion to file a supplemental <u>pro</u> <u>se</u> brief, and affirm Veal's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>