**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-5048**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JANISON VEAL,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, District Judge. (3:02-cr-00043-JPB)

─────────────

Submitted: September 30, 2008     Decided: October 8, 2008

─────────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

S. Andrew Arnold, ARNOLD CESARE & BAILEY, PLLC, Shepherdstown, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janison Veal appeals his amended sentence, following the district court's grant of resentencing relief on Veal's motion filed pursuant to 28 U.S.C. § 2255 (2000).[1] Veal pled guilty to three counts of distribution of crack cocaine and one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000). The probation officer prepared a Presentence Investigation Report, in which he assigned Veal a base offense level of thirty-two, based on the amount of drugs involved,[2] pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4) (2002), and an adjusted offense level of thirty-four, after application of a two-level increase for obstruction of justice, pursuant to USSG § 3C1.1. Combined with Veal's criminal history category of VI, the total offense level of thirty-four corresponded to a guidelines sentencing range of 262 to 327 months' imprisonment. See USSG Ch. 5, Pt. A, table. However, the statutory maximum sentence applicable to Veal's conviction is

---

[1]On direct appeal, this court affirmed Veal's conviction and sentence. United States v. Veal, 2004 WL 233293 (4th Cir. Feb. 9, 2004) (unpublished).

[2]In addition to the drug weight as set forth in the indictment relative to the counts to which Veal pled guilty, the Government asserted that the total weight attributable to Veal was 118.34 grams to 217.94 grams of crack cocaine, and it was on this amount that the probation officer based Veal's relevant conduct for purposes of calculating his base offense level. As discussed infra, the district court revised the relevant conduct calculation prior to sentencing.

twenty years, see 21 U.S.C. § 841(b)(1)(C) (2000); thus the maximum statutory sentence of twenty years became the guideline sentence pursuant to USSG § 5G1.1(a). On resentencing, Veal received a sentence of 240 months' imprisonment, which was the same sentence he received originally.

Veal appeals from his amended sentence, challenging the district court's determination of relevant conduct, asserting that it was improperly based on unreliable hearsay, and claiming error in the district court's alleged use of a statistically unreliable sampling method. He also claims his sentence was unreasonable.

This court reviews for clear error the district court's drug quantity determination. United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). In determining relevant conduct, the district court may consider any relevant and reliable evidence before it, including hearsay. United States v. Bowman, 926 F.2d 380, 381-82 (4th Cir. 1991). In fact, hearsay alone can provide sufficiently reliable evidence of drug quantity. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). The Government has the burden of establishing the amount of drugs used for sentencing calculations by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). We find no merit to Veal's challenges to the district court's determination of relevant conduct.

While Veal asserts error in the district court's reliance on testimony and statements of witnesses who asserted that they purchased crack cocaine from Veal, he offers no proof that the court's factual findings as to relevant conduct were clearly erroneous. See United States v. Adams, 988 F.2d 493, 495 (4th Cir. 1993). Rather, he offers only conclusory allegations that the witnesses were unreliable, which is insufficient to establish clear error. We give appropriate deference to the district court's findings that the evidence on which relevant conduct was established was reliable,[3] and find that the Government proved the disputed relevant conduct by a preponderance of the evidence. There is no reversible error on this basis. Fletcher, 74 F.3d at 55.

Veal also challenges the district court's relevant conduct determination on the basis that the district court allegedly erred in using a statistically unreliable sampling method. Specifically, he asserts that using the average of the three controlled buy amounts, i.e., .67 grams,[4] to support the

---

[3]It is noteworthy that the evidence of relevant conduct was determined to be sufficiently consistent and reliable by two different district court judges, one at each of the two sentencing proceedings.

[4]The Government used three controlled buys as the basis for its calculation of relevant drug weight, as set forth in the indictment: .47 grams of crack in exchange for $100; .88 grams in exchange for $100; and 1.71 grams in exchange for $200. It then averaged these buys to conclude that Veal sold on average, .67 grams for $100.

conclusion that Veal sold .67 grams for $100 was statistically inaccurate and over-inflated his total relevant conduct.

A district court has clear authority to approximate the quantity of a drug in its determination of relevant conduct and to rely upon circumstantial evidence and statistical methods in making that determination. See Uwaeme, 975 F.2d at 1021; see also USSG § 2D1.1 Application Note 12. Here, the district court stated that the statistical analysis proffered by the Government did not sufficiently aid in its understanding of the case, and instead relied upon the testimony of the case agent, Trooper Evans, who the court recognized as an expert, to inform the court what was the average weight of crack one could purchase for $100. Trooper Evans testified that .5 grams of crack cocaine per $100 was a fair calculation of Veal's relevant conduct, based on Evans' specific experience and the case, rather than the .67 grams proffered by the Government. At the conclusion of Trooper Evans' testimony, and following its consideration of the statements and grand jury testimony of the seven individuals and the confidential informant, the district court used the lower figure of .5 grams of crack per $100 suggested by Trooper Evans, and determined that Veal was accountable for between 50 and 150 grams of crack cocaine, with an attendant offense level of thirty-two.

Hence, the district court in this case did exactly as suggested by the Guidelines. Moreover, it did not utilize the

contested .67 gram figure which Veal complains is statistically unreliable. We find that the district court's relevant conduct determination was not clearly erroneous, and Veal's contention to the contrary is without merit.

Finally, Veal claims his sentence is unreasonable, arguing that a sentence at 57-71 months would be sufficient, but not greater than necessary, to comply with the directives set forth in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2008). We will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). We review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

In sentencing, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. Green, 436 F.3d at 455-56. A sentence within

a properly calculated guideline range is presumptively reasonable. Id. at 457; see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption). This presumption can be rebutted only by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record, particularly when the court imposes a sentence within the guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). One reason that a sentence within an advisory range is presumptively reasonable is that the most salient § 3553(a) factors are already incorporated into guideline determinations. Id. at 342-43; see also Rita, 127 S. Ct. at 2467 ("where judge and Commission *both* determine that" a guideline sentence is appropriate, "that sentence likely reflects the § 3553(a) factors"). A district court's consideration of pertinent factors also may be implicit in its ultimate ruling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). The district court's explanation should provide some indication that it considered the § 3553(a) factors as to the defendant and the potentially meritorious

arguments raised by the parties at sentencing.  Montes-Pineda, 445 F.3d at 380.

Several of the alleged errors with regard to reasonableness advanced by Veal relate to the district court's determination of relevant conduct.  We find no error with regard to the relevant conduct determination in Veal's resentencing.  Veal did not allege any specific error in the drug weight findings or calculations, or offer any evidence to show that the weight of the drugs attributed to him was incorrect.  He has neither shown the district court clearly erred by adopting the factual findings regarding relevant conduct in the presentence report, nor that the court erred in calculating the guideline range.  Although Veal requested that he be resentenced based only on the amount of drugs to which he pled guilty, 3.06 grams of crack cocaine, which was the total amount of drugs specified on the face of the indictment, and objected to the information provided by other witnesses on the ground of hearsay, there was no error in the district court's determination of relevant conduct, as discussed above.

Nor was there any Sixth Amendment error based on Apprendi v. New Jersey, 530 U.S. 466 (2000), Booker, or Blakely v. Washington, 542 U.S. 296 (2004), as we found previously in reviewing Veal's direct appeal.  See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  His complaint regarding the application of the enhancement for obstruction of justice likewise

- 8 -

previously was litigated in his direct appeal, and we will not revisit the challenge here. Id. Veal's assertion that because the obstruction of justice enhancement was improper, he should have been given a two point reduction for acceptance of responsibility likewise fails, in light of our previous determination that there was no error in the district court's application of the obstruction of justice enhancement.

Veal also challenges the reasonableness of his sentence under Kimbrough v. United States, 128 S. Ct. 558 (2007). Veal raised the issue of the 100:1 disparity between cocaine base and powder cocaine in his sentencing statement, and requested at sentencing that the district court lower his base offense level by two levels such that his sentence would not be disproportionate to similarly-situated defendants. At the time of Veal's sentencing, the district court did not have the benefit of Kimbrough.[5] Moreover, the district court indicated at sentencing that, "[i]f . . . the Sentencing Commission makes [the amendment to the Guidelines lowering all base offense levels for crack offenders by two] retroactive far enough back to include [Veal's] sentence, then . . . the new Guideline would be appropriate." Hence, to give the

_____

[5]The Supreme Court, in Kimbrough, held that under the advisory Guidelines, the sentencing court may conclude in a particular case that a sentence based on the one hundred—to—one disparity is too great, and may consequently impose a variance sentence below the Guideline. Kimbrough, 128 S. Ct. at 575.

district court the opportunity to reconsider Veal's sentence in light of <u>Kimbrough</u>, resentencing is appropriate.[6]

Finally, Veal's remaining claims, based on the district court's application of the § 3553(a) factors, are without merit. The district court indicated that it had considered the applicable advisory Guidelines, as well as all of the factors set forth in § 3553(a). The record demonstrates that the district court properly considered these factors, noting its specific consideration of Veal's long, unabated criminal history, the danger to the community caused by his drug trafficking, and his lack of amenability to the law and societal controls. No error is evident.

Accordingly, we affirm in part and vacate in part Veal's amended sentence, and remand for resentencing in light of <u>Kimbrough</u>. We deny Veal's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>

---

[6]There is, of course, no criticism of the district court, which properly applied the relevant law at the time of sentencing.

- 10 -