**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4240**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JANISON VEAL, a/k/a Jason,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:02-cr-00043-JPB-JES-1)

_____

Submitted:  October 15, 2009        Decided:  October 29, 2009

_____

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Janison Veal, Appellant Pro Se.  Paul Thomas Camilletti, Thomas
Oliver Mucklow, Assistant United States Attorneys, Martinsburg,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Janison Veal appeals his amended sentence, following this court's remand for resentencing in light of <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), which was decided after the district court rendered its previously amended sentence.[1] In its most recent resentencing, the district court lowered Veal's total offense level by two levels, and sentenced him to a within guidelines sentence of 210 months' imprisonment, with all other aspects of the sentence previously imposed remaining the same. Finding no error on resentencing,[2] we affirm.

---

[1] Veal previously filed a direct appeal from his conviction and 240-month term of imprisonment. This court affirmed both Veal's conviction and his sentence. <u>United States v. Veal</u>, 2004 WL 233293 (4th Cir. Feb. 9, 2004) (unpublished). Veal also appealed the district court's grant of resentencing relief on his motion filed pursuant to 28 U.S.C. § 2255 (2000), in which the court resentenced Veal to 240 months' imprisonment. In his previous appeal, Veal challenged his amended sentence, asserting error in the district court's determination of relevant conduct, and claiming his sentence was unreasonable in light of <u>Kimbrough</u>. We found no error in the district court's determination of relevant conduct, and remanded for resentencing solely to give the district court the opportunity to consider <u>Kimbrough</u>. <u>United States v. Veal</u>, 2008 WL 4499767 (4th Cir. Oct. 8, 2008) (unpublished).

[2] While we grant Veal's motion to amend his informal brief, we decline to consider any issues Veal seeks to raise on appeal which are outside the ambit of the district court's consideration of <u>Kimbrough</u>, as such issues are foreclosed by the mandate rule. <u>See</u> <u>United States v. Aramony</u>, 166 F.3d 655, 661 (4th Cir. 1999).

In resentencing Veal, the district court considered whether it would grant a reduced sentence based on Kimbrough, and considered the 2007 amendments to the Sentencing Guidelines promulgated by the United States Sentencing Commission, which likewise became applicable during the pendency of Veal's resentencing. The district court properly recalculated Veal's total offense level as thirty-two based upon the retroactive crack amendments to the sentencing guidelines,[3] which, together with Veal's criminal history category of VI, yielded a revised advisory guidelines range of 210 to 262 months' imprisonment. The district court then imposed a 210-month term of imprisonment on each of the four counts of conviction, to run concurrently with one another.

We apply a presumption of reasonableness on appeal to the district court's imposition of the 210-month term of imprisonment, which was at the low end of the properly calculated revised guidelines range. See Rita v. United States, 551 U.S. 338, 347 (2007); see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Finding no abuse of the district court's discretion in imposing a sentence at the low end of the amended Guidelines range, see Gall v. United States, 552 U.S.

---

[3] The district court applied a two-level enhancement for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2002), as it had previously.

38, __, 128 S. Ct. 586, 591 (2007); <u>United States v. Goines</u>, 357 F.3d 469, 478 (4th Cir. 2004) (standard of review), we affirm the district court's imposition of the 210-month sentence, as set forth in its Amended Judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>