**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6994

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CESAR M. NAVARRO, a/k/a Cesar Navarro,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:17-cr-00002-JPB-JPM-1; 2:20-cv-00022-JPB-JPM)

Submitted:  July 15, 2022                    Decided:  August 11, 2022

Before KING, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Cesar M. Navarro, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar M. Navarro seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion.  The order is not appealable unless a circuit justice or judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Navarro has not made the requisite showing.[*]  Accordingly, we deny a certificate of appealability and

---

[*] In one of his claims, Navarro argued that his trial counsel rendered ineffective assistance by failing to discover certain allegedly exculpatory evidence.  The district court concluded that this claim was procedurally barred because, both in a motion for a new trial and on direct appeal, Navarro had raised a factually similar claim concerning the Government's failure to review the evidence at issue.  *See United States v. Navarro*, 770 F. App'x 64, 65 (4th Cir. 2019); *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that § 2255 movant is not permitted "to recast, under the guise of collateral attack, questions fully considered" on direct appeal).  But the question of whether Navarro's counsel was ineffective was never considered in the new trial motion or on direct appeal; indeed, except in rare circumstances not present here, ineffective assistance claims are not even cognizable on direct review.  *United States v. Copeland*, 707 F.3d 522, 531 n.7 (4th Cir. 2013).  Thus, we fail to see how the procedural bar described

2

dismiss the appeal.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid the

decisional process.

*DISMISSED*

---

in *Boeckenhaupt* could apply to a legal question that Navarro was not permitted to raise in
the underlying proceedings.

    Nevertheless, based on our review, we conclude that Navarro's motion does not
state a debatable constitutional claim.  So, despite the debatability of the district court's
procedural ruling, Navarro is not entitled to a certificate of appealability.